**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**PETER CANABUSH,**

                        **Plaintiff,**

            v.                                          1:13-CV-429
                                                                (FJS/CFH)

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **THE LAW OFFICES OF**<br>**STEVEN R. DOLSON, PLLC**<br>126 North Salina Street, Suite 3B<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **MAGGIE W. MCOMBER, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF GENERAL COUNSEL**<br>**REGION II**<br>26 Federal Plaza , Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **MONIKA K. CRAWFORD, ESQ.** |

**SCULLIN, Senior Judge**

**ORDER**

      Plaintiff commenced this action, seeking a review of the Commissioner's final decision denying his application for disability insurance benefits. *See* Dkt. No. 1. Defendant filed her answer and the administration record on August 28, 2013. *See* Dkt. Nos. 7, 8. Plaintiff filed his brief on October 9, 2013, *see* Dkt. No. 10; and Defendant filed her brief on December 11, 2013, *see* Dkt. No. 12, and missing pages of administrative record on April 30, 2014, *see* Dkt. No. 13. On May 9, 2014, Magistrate Judge Hummel issued his Report-Recommendation and Order, in which he

recommended that the Court affirm Defendant's final decision and deny Plaintiff's motion for judgment on the pleadings. *See* Dkt. No. 15 at 15. Plaintiff filed objections to those recommendations, *see* Dkt. No. 16, to which Defendant responded, *see* Dkt. No. 17.

When a party makes specific objections to portions of a magistrate judge's report and recommendation, the court conducts a *de novo* review of those recommendations. *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). Where a party makes only conclusory or general objections, however, the court reviews the report and recommendation for "clear error" only. *See Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quotation omitted). After conducting the appropriate review, a district court may decide to accept, reject or modify those recommendations. *See Linare v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has conducted a *de novo* review of the record in light of Plaintiff's specific objections, in particular his contention that the Administrative Law Judge ("ALJ") failed properly to assess his neuropathy and his need for an assistive device. *See* Dkt. No. 16-1 at 1. Having completed that review, the Court finds that, as Magistrate Hummel explained in his comprehensive analysis of the ALJ's decision, "[d]espite the dearth of evidence regarding [P]laintiff's inability to work due to his neuropathy, the ALJ clearly considered [P]laintiff's neuropathy in his evaluation of [P]laintiff's abilities. The RFC includes limitations on [P]laintiff's ability to climb ladders, stairs and scaffolding." *See* Dkt. No. 15 at 7. In addition, with respect to Plaintiff's need for an assistive device, Magistrate Judge Hummel noted that "the ALJ acknowledged [P]laintiff's testimony regarding his use of a cane[.]" *See id.* at 8. Moreover, after reviewing the record, Magistrate Judge

Hummel found that the ALJ had not committed reversible error when he failed to incorporate Plaintiff's use of an assistive device into the RFC. *See id.* at 9. He concluded that "Plaintiff ha[d] not met the burden of establishing, with unambiguous evidence, that any ambulatory device was medically necessary" and provided "no evidentiary support from the record or any case law to support his position" that "'his neuropathy and unsteady gait establish the need for a cane[.]'" *See id.* For all these reasons, after "thoroughly review[ing] [P]laintiff's entire medical record, Magistrate Judge Hummel concluded that "the ALJ's RFC analysis [wa]s supported by substantial medical evidence." *See id.* at 10. Afer conducting its own *de novo* review of the record, the Court agrees with Magistrate Judge Hummel's conclusions. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's May 9, 2014 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendant's decision is **AFFIRMED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: April 10, 2015
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge